The opinion of the Court was delivered by
Ryerson, J.
The matter in dispute between these parties, is trifling, three loads of gravel, or the value thereof.* There seems, however, to be some doubt about the principle involved, as well as a necessity to settle it, to prevent future controversy. The gravel was taken from the plaintiff's land, within the banks of the river Raritan. An action of trespass was brought for the gravel, and the taking justified under “An act to incorporate the New-Jersey turnpike company ” passed the 27th February 1806.— Before the justice, the plaintiff had a verdict; but on the trial of *79 the appeal, was nonsuit by order of the court. The Common Pleas seems to have considered, that trespass would not lie against the agents or servants of the company, for the act complained of. The plaintiff seeks, by this writ, a reversal of the nonsuit.
The defendant insists that the nonsuit is right: First because the river Raritan, as he alleges, is a navigable river, and therefore the plaintiff can have no property in the earth under the same. But to give solidity to this objection to the plaintiff’s right, it should appear, that the pari of the river in question, is not only navigable, but is an arm of the sea, in which the tide ebbs and flows. This is not stated and I take it for granted, is not true. But it is not necessary to go that length, to settle, this cause, as the gravel though taken from between the shores, or banks, in the language of the act of Assembly referred to, was above low-water mark, and therefore clearly the subject of private property.
Again, it is said that by the proviso to the 6th section of the act in question, this gravel is given to the company. The language is, that it “shall be lawful for the company, their laborers and servants, to take up and carry away, at their pleasure, any stone, gravel, sand or earth, from the bottom of the river Raritan, or from within the shores or banks thereof, that may be necessary for perfecting the said road, free from any expense or charge whatsoever.” This grant of power to take gravel &c. is without any direct limitation, as to time. The counsel of the company, contended for a duration co-extensive with their right to the road itself. But the words do not imply it. The only word on which that construction can rest, is perfecting ; perfecting the said road. Perhaps it is not in our power to fix the meaning, which our legislature designed to annex to this word. I consider it no more extensive, than the word, completing, would have been, in the same connection. Their right then cannot last beyond the time for completing the road. That had long since elapsed; and with it, has passed away the right now claimed. It cannot be supposed, that whenever, and as often, as a load of gravel, may be wanted for repairs, this right to violate another’s soil and close, might be exercised. If the legislature had so intended, how naturally and readily would *80 they have expressed it, by adding to the word perfecting, the words, and keeping in repair $ It is in fact divesting a man, of a portion of his dominion over his own estate, without compensation, and giving it to a corporation. This cannot be allowed, certainly without express words, or necessary implication.
But it is also contended, that the company, at most, are liable only to make compensation according to the special provision of the act referred to, and are not liable to be sued as trespassers. In the body of the sixth section, power is given to the “ commissioners, the corporation, their agents and servants ” &e. “ for the purposes contemplated in this act, from time to time, to enter upon,” &c. any land necessary — for making said road, and carrying into effect the objects of that law, — and also to carry away — stone, sand, or gravel for the use of said road, subject always to make compensation for all damages thereby occasioned ; either by agreement of parties, or by the judgment of indifferent men chosen by the said company and the persons who shall have sustained such damages, or as is hereinafter mentioned. The other mode thereinafter mentioned, is by a special jury. The seventh section gives directions about calling the jury, and also, points out how the “indifferent men,” above spoken of, are to be elected. But it is to be remarked, that the powers in the seventh section, are only extended to the case of the freeholders, through whose land the road runs, or whose land is taken for the road : and does not'apply to the case of those, whose stone or gravel only, are taken. Nor have they any remedy in any other part of the act. They are left then, to their remedy at law — independent of the act. What is that remedy ? I know of none other than trespass quare clausum fregit, or de bonis asportatis. And the only effect of the act must be, to confine the recovery against them, to the actual damages, and to prevent the increase thereof, as against wilful or malicious trespassers; or any resistance to them while in the fair exercise of the powers under the act.
In my opinion, therefore, the Common Pleas should have sustained the action, and their judgment must be reversed, and the record remitted, to be proceeded on according to law.
Hornblower C. J. and Ford J. concurred,

Nonsuit reversed, record remitted, and procedendo ordered.

 Tiie gravel was stated to be worth from three, to six cents, per load.